FILED
LODGED ENTERED
RECEIVED

MAY 29 2001

CLERK AT SEATTLE
BY WESTERN U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                Plaintiff, ) NO. CR 01-188C
            v. ) PLEA AGREEMENT
DAVID RABANG, JR., )
                Defendant. )

The United States of America, by and through Francis J. Diskin, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney, for said District, and the defendant, David Rabang, Jr., by and through counsel, Barry Flegenheimer, enter into the following Plea Agreement pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure:

1. The defendant, having been advised of his right to have this matter indicted by a federal grand jury, agrees to waive that right and to plead guilty to the felony Information, charging him with knowingly and intentionally conspiring to import and to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 846, 952(a), 960 (b)(2)(G) and 963. The elements, which the government would have to prove at trial, are 1) that the defendant knowingly and intentionally conspired with others 2) to import and distribute into the Western District of Washington, 3) marijuana, a controlled substance. The defendant further understands and acknowledges that under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), if this matter were to go to trial, the government would have the burden of proving beyond a

PLEA AGREEMENT/DAVID RABANG, JR. - 1
2000R01194

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

reasonable doubt any quantity of drugs that increases the applicable maximum statutory penalties. By entering this plea of guilty, the defendant waives the right to have this sentencing factor determined by a jury and agrees that he is responsible for fifty (50) kilograms or more of marijuana as further described below.

2. The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

   a. The right to persist in his plea of not guilty;

   b. The right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

   c. The right to a trial before a jury of his peers, and the right to the effective assistance of counsel at that trial;

   d. The right to confront and cross-examine witnesses against him;

   e. The right to compel or subpoena witnesses to appear on his behalf;

   f. The right to testify or to remain silent at trial, knowing that his silence could not be used against him; and

   g. The right to appeal pretrial rulings or a finding of guilt at trial.

3. The defendant understands that upon his plea of guilty the Court may impose a term of imprisonment of up to twenty (20) years; may impose a fine of one million dollars ($1,000,000); or both; and that he is subject to a term of at least three years of supervised release. He understands that upon his plea, pursuant to Title 18, United States Code, Section 3013, he is subject to a mandatory special assessment of One Hundred Dollars ($100) which is to be paid to the Crime Victim Fund at sentencing. The defendant also understands that by pleading guilty to a felony drug offense, he will become ineligible for certain federal food stamp and social security benefits under Title 21 United States Code, Section 862a.

4. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose. Defendant understands further that the Court can and may impose the maximum sentence provided by law.

PLEA AGREEMENT/DAVID RABANG, JR. - 2
2000R01194

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

5. The defendant understands the following:

a. that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to this case;

b. that the Court will determine the defendant's applicable sentencing guideline range at the time of sentencing;

c. that the Court must impose a term of supervised release;

d. that the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable sentencing guidelines range;

e. that the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the sentencing guideline range offered by the parties or the United States Probation Department; and

f. that defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

6. The defendant stipulates the following facts are true and form a basis for his plea of guilty and for his sentence:

In 1997, David Rabang, Jr. smuggled marijuana into the United States across the Canadian border. Generally he smuggled the marijuana in with friends or other members of his family, including Francisco Rabang, by actually carrying loads across the border or driving the loads in a car. The marijuana, which came into the United States through Whatcom County, was destined for Seattle and Portland. As the Rabang family increased the size and frequency of their loads, they excluded David Rabang, Jr. from much of the activity.

In the spring of 1998, David Rabang, Jr. was found with a very small amount of marijuana in a Bellingham motel room and by later in 1998 he was only on the fringe of the smuggling business. The government does not know of overt acts he committed in furtherance of the conspiracy after 1998. He was not an organizer or leader of the codefendants.

PLEA AGREEMENT/DAVID RABANG, JR. - 3
2000R01194

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

David Rabang, Jr. was responsible for bringing between sixty and eighty kilograms of marijuana into the United States.

7. The United States acknowledges that defendant timely notified the United States of his intention to enter a plea of guilty, thereby permitting the Court to allocate its resources efficiently within the meaning of Sentencing Guideline Section 3E1.1(b)(2).

8. The United States Attorney's Office for the Western District of Washington, as part of this Plea Agreement, agrees not to prosecute the defendant for any additional offenses known at the time of this Agreement. The United States agrees to recommend a sentence within or below the applicable guideline range.

9. The defendant agrees to obey all federal, state and local laws between the time of the plea and the time of sentencing.

10. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(a)(1) of the Federal Rules of Criminal Procedure.

11. The defendant acknowledges that he has entered this Plea Agreement freely and voluntarily, and with the advice and concurrence of counsel. He further acknowledges that no threats or promises, other than the promises contained in this Plea Agreement, have been made by the United States to induce him to enter his plea of guilty.

//
//

PLEA AGREEMENT/DAVID RABANG, JR. - 4
2000R01194

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

12. The United States and defendant acknowledge that the above-stated terms and conditions constitute the entire Plea Agreement between the parties and deny the existence of any other terms and conditions not expressly stated herein.

DATED this 29th day of May, 2001.

_____
DAVID RABANG, JR.
Defendant

_____
BARRY FLEGENHEIMER
Attorney for Defendant David Rabang, Jr.

_____
BONNIE MACNAUGHTON
Assistant United States Attorney

_____
SUSAN M. ROE
Assistant United States Attorney

PLEA AGREEMENT/DAVID RABANG, JR. - 5
2000R01194

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970